## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MENACHEM FINEGOLD, as Administrator Ad Prosequendum of the ESTATE OF YECHIEL FINEGOLD<br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, GENERAL MOTORS, LLC, DELPHI CORPORATION, APTIV SERVICES US, LLC, DELPHI TECHNOLOGIES, PLC, DELPHI AUTOMOTIVE SYSTEMS, LLC and DELPHI ELECTRONICS & SAFETY, JOHN DOE (1-25) and ABC CORPORATIONS (1-25)<br>    Defendants. | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL

TO THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY.

Now comes Defendant, General Motors LLC ("GM LLC"), and hereby gives notice of removal of this action from the Superior Court of New Jersey, Ocean County, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice, GM LLC states:

1. The above-captioned action was commenced against General Motors LLC by the filing of a Summons and Complaint in the Superior Court of Ocean County, Docket No.: OCN-L-2792-20, on or about November 19, 2020.

2. GM LLC was served on December 11, 2020. Copies of Plaintiff's Summons and Complaint are attached as **Exhibit A**.

3. This Notice of Removal is filed within 30 days after service of the Summons and Complaint on GM LLC, pursuant to 28 U.S.C. § 1446(b).

**CITIZENSHIP OF THE PARTIES**

4. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

5. Complete diversity of citizenship exists because:

   a. The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. 28 U.S.C. § 1332(c)(2). Upon information and belief, decedent Yechiel Finegold ("decedent") was a resident and citizen of the State of New Jersey. Ex. A, ¶ 1.

   b. Defendant General Motors Company is neither incorporated in nor maintains its principal place of business in the State of New Jersey. General Motors Company is a Delaware Corporation with its principal place of business in the State of Michigan.

   c. Defendant GM LLC is a Delaware limited liability company with its principal place of business in the state of Michigan. The sole member of GM LLC is General Motors Holdings, LLC, a Delaware limited company with its principal place of business in Michigan. The sole member of General Motors Holdings LLC is General Motors Company, a Delaware corporation with its principal place of business in the State of Michigan. Thus, GM LLC is considered a citizen of Delaware and Michigan for purposes of determining diversity of citizenship.

   d. Upon information and belief, Delphi Corporation is a Delaware corporation with a principal place of business in Michigan.

    e. Upon information and belief, Delphi Automotive PLC is a corporation organized under the laws of England with its principal place of business in England.

    f. Upon information and belief, Delphi Automotive Systems, LLC is a Delaware Corporation with its principal place of business in Michigan.

    g. Upon information and belief, Aptiv Services US, LLC is a Delaware Corporation with its principal place of business in Michigan.

    h. Upon information and belief, Delphi Electronics & Safety is an Indiana Corporation with its principal place of business in Indiana.

    i. Plaintiff has also purported to name fictious entities as possible defendants. *See generally* the caption in Exhibit A. In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. §1441(b)(1).

6. At the time of the filing of Plaintiff's Complaint and at the time of this removal, no defendant is a citizen of the same state as Plaintiff, there is complete diversity between the parties there is diversity of citizenship amongst the parties pursuant to 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

7. In his Complaint, Plaintiff's claims arise from a single-vehicle crash involving a 2019 Chevrolet Suburban that occurred on November 25, 2018. Ex. A, ¶ 13. During the crash, the passenger, decedent Yechiel Finegold, sustained fatal injuries. *Id*. ¶ 15.

8. Plaintiff alleges that the Yukon's passenger frontal airbag failed to deploy, and thereby contributed to the injuries and ultimate death of decedent. Ex. A, ¶ 15.

9. Plaintiff claims that the decedent "suffered great physical and mental pain, shock, and agony before his death" and "severe bodily injury, causing extreme pain, suffering, and

emotional distress." Ex. A, ¶¶ 15, 18; *see Briggs v. Target Corp.*, No. 14-7165, 2015 U.S. LEXIS 30796 *8, 10 (D.N.J. Mar. 13, 2015) (finding the amount in controversy requirement was satisfied where the plaintiff pled "serious, painful and permanent bodily injuries," "great physical pain and mental anguish," and "substantial medical expenses" and her medical bills totaled $1,392.20); *Scioscia v. Target Corp.*, No. 08-2593, 2008 U.S. Dist. LEXIS 53508 *6 (D.N.J. Jul. 8, 2008) (finding the amount in controversy requirement was met because the plaintiff alleged she "was seriously and permanently injured, she was caused to and did seek medical attention . . ., was prevented from attending to her usual business and was otherwise permanently damaged"); *Avant v. J.C. Penney*, No. 07-1997, 2007 U.S. Dist. LEXIS 44320 *5-6 (D.N.J. Jun. 9, 2007) (finding that plaintiffs pleading for "permanent, severe, and disabling" injuries which led to past and future medical expenses and kept her from enjoying her past and the future "normal pursuits" met the amount in controversy requirement).

10. Plaintiff also seeks punitive damages. "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy." *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943) (both compensatory and punitive damages "must be considered to the extent claimed in determining jurisdictional amount").

11. Based on Plaintiff's claims, the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00), and therefore satisfies the amount-in-controversy threshold for federal diversity jurisdiction. 28 U.S.C. § 1332(a) and § 1441(a).

## **NOTICE TO THE STATE COURT**

12. Written notice of the filing of this Notice will be served on Plaintiff as required by 28 U.S.C. §1446(d).

## STATE COURT FILINGS

13. A copy of this Notice will be filed with the Clerk of the Superior Court of Ocean County, New Jersey, as provided by 28 U.S.C. §1446(d).

14. Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached as Exhibit A.

## CONSENT

15. Pursuant to 28 U.S.C. § 1446(b)(1)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."

16. Defendant Aptiv Services US, LLC (formerly known as Delphi Automotive Systems, LLC) has been served and consents to removal. A Consent to Removal executed by counsel is attached as **Exhibit B**.

17. Upon information and belief, no other Defendant has been served;[1] therefore, their consent is not necessary to effectuate removal. *See* 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, Defendants, General Motors Company and General Motors LLC, pray that it may affect the removal of this action from the Superior Court of Ocean County, New Jersey, to the United States District Court for District of New Jersey.

**RICCI TYRRELL JOHNSON & GREY**

DATE: January 8, 2021      BY: *s/ Francis J. Grey, Jr.*
Francis J. Grey, Jr., Esquire (No. 030051989)
Monica V. Pennisi Marsico, Esquire (No. 016681998)
Alexander M. Shaen, Esquire (No. 293342019)
Willow Ridge Executive Office Park
750 Route 73 South, Suite 202B
Marlton, NJ  08053
(856) 810-8860 (phone)
(856) 810-8861 (facsimile)
fgrey@rtjglaw.com

---

[1] Defendant General Motors Company has not yet been properly served with process.

        mpmarsico@rtjglaw.com
        ashaen@rtjglaw.com
        Attorneys for Defendant,
        General Motors LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MENACHEM FINEGOLD, as Administrator Ad Prosequendum of the ESTATE OF YECHIEL FINEGOLD<br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, GENERAL MOTORS, LLC, DELPHI CORPORATION, APTIV SERVICES US, LLC, DELPHI TECHNOLOGIES, PLC, DELPHI AUTOMOTIVE SYSTEMS, LLC and DELPHI ELECTRONICS & SAFETY, JOHN DOE (1-25) and ABC CORPORATIONS (1-25)<br>    Defendants. | CIVIL ACTION NO.: |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, Notice of Removal on Behalf of Defendant, General General Motors LLC, was served on the following counsel of record via electronic mailing on January 8, 2021 and by all other parties via U.S. Mail:

Thomas D. Flinn, Esq.
Brian M. Gerstein, Esq.
Garrity, Graham, Murphy, Garofalo & Flinn
72 Eagle Rock Avenue, P.O. Box 438
East Hanover, NJ 07936
Counsel for Plaintiff

Robert J. Kelly, Esq.
Littleton Park Joyce Ughetta & Kelly LLP
141 West Front Street, Suite 120
Red Bank, NJ 07701
Counsel for Aptiv Services US, LLC (formerly known as Delphi Automotive Systems, LLC)

**RICCI TYRRELL JOHNSON & GREY**

By: *s/Monica V. Pennisi Marsico*
Monica V. Pennisi Marsico, Esquire

8