# Exhibit A

# SUMMONS

| | |
|---|---|
| Attorney(s) Garrity, Graham, Murphy, Garofalo & Flinn, P.C. | **Superior Court of New Jersey** |
| Office Address 72 Eagle Rock Ave. | |
| Town, State, Zip Code P.O. Box 438  East Hanover, NJ 07936 | Ocean County |
| Telephone Number 973-509-7500 | Law Division |
| Attorney(s) for Plaintiff Menachem Finegold | Docket No: OCN-L-2792-20 |

MENACHEM FINEGOLD, ADMIN

AD PROS OF THE ESTATE OF YECHIEL FINEGOLD

    Plaintiff(s)

## CIVIL ACTION SUMMONS

vs.

GENERAL MOTORS COMPANY,

GENERAL MOTORS LLC, et al.

    Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above: GENERAL MOTORS, LLC

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                                                                                          */s/ Michelle M. Smith*

                                                                                                          Clerk of the Superior Court

DATED: 12/10/2020

Name of Defendant to Be Served: General Motors, LLC c/o CSC

Address of Defendant to Be Served: Princeton South Corp Ctr, Suite 160, 100 Charles Ewing Boulevard, Ewing, NJ 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Thomas D. Flinn, Esq. (019121981)
GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
A Professional Corporation
72 Eagle Rock Avenue
P.O. Box 438
East Hanover, NJ 07936
Telephone: 973-509-7500
Attorneys for Plaintiff,
Menachem Finegold, as Administrator Ad Prosequendum of the
Estate of Yechiel Finegold
Our File No. 996.27088/BMG

| | |
|---|---|
| MENACHEM FINEGOLD, as Administrator Ad Prosequendum of the ESTATE OF YECHIEL FINEGOLD and individually,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS COMPANY, GENERAL MOTORS, LLC, DELPHI CORPORATION, APTIV SERVICES US, LLC, DELPHI TECHNOLOGIES, PLC, DELPHI AUTOMOTIVE SYSTEMS, LLC and DELPHI ELECTRONICS & SAFETY, JOHN DOES (1-25), ABC CORPORATIONS (1-25)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION** |

Plaintiff, Menachem Finegold as Administrator Ad Prosequendum of the Estate of Yechiel Finegold, deceased, whose address is 210 Miller Road in the Town of Lakewood, County of Ocean, State of New Jersey by way of Complaint by and through counsel, says, on information and belief:

1

## PARTIES

1. Plaintiff's decedent, YECHIEL FINEGOLD, was at all times relevant herein a resident of the Township of Lakewood, County of Ocean, and State of New Jersey, at the time of his death.

2. At the time of his death, Yechiel Finegold, was survived by his parents, Chaneal Finegold and Yehudit Finegold, two brothers, Menachem Finegold and Yisrael Finegold, and a sister, Devorah Finegold.

3. Plaintiff, the ESTATE OF YECHIEL FINEGOLD, is suing for the pain, suffering, shock, agony, and personal injury incurred by him before his death as a result of the actions and inactions of Defendants, including fictitious Defendants, on November 25, 2018.

4. Plaintiff, MENACHEM FINEGOLD, is the brother of Yechiel Finegold as at all relevant times herein was a resident of the Township of Lakewood, County of Ocean, State of New Jersey.

5. On March 15, 2019, MENACHEM FINEGOLD, was appointed as *Administrator Ad Prosequendum* for the Estate of Yechiel Finegold by the Ocean County Surrogate's Court.

6. Defendant, General Motors Company, is a corporation of the State of Delaware, authorized to do business in the State of New Jersey. It is a manufacturer and distributor of

2

motor vehicles and, specifically, the motor vehicle in which Plaintiff's decedent was a passenger and suffered his fatal injuries.

7. Defendant, General Motors, LLC, is organized in the State of Delaware, authorized to do business in the State of New Jersey and is an affiliate or subsidiary of General Motors Company. Upon information and belief, it is a manufacturer or distributor of motor vehicles and component parts, specifically, the motor vehicle in which Plaintiff's decedent was a passenger and suffered his fatal injuries. (Defendants General Motors Corporation and General Motors, LLC to be hereinafter referred to, collectively, as the "General Motors Corporation" or "GM Defendants".)

8. Defendant, Delphi Corporation, was a corporation of the State of Delaware and was in the business of manufacturing and distributing automotive component parts.

9. Defendant, Delphi Automotive, PLC, organized under the laws of England and Wales, was the successor in interest of Defendant, Delphi Corporation.

10. Defendant, Delphi Automotive Systems, LLC was an affiliate or subsidiary of Delphi Corporation, a manufacturer and distributor of automotive component parts.

11. Defendant, Aptiv Services US, LLC is the successor in interest to Delphi Automotive Systems, LLC. Aptiv Services

US, LLC, is a corporation organized under the laws of Massachusetts and is a manufacturer and distributor of automotive component parts. Specifically, it manufactured and distributed component parts incorporated into the motor vehicle in which Plaintiff's decedent was a passenger and suffered his fatal injuries.

12. Delphi Electronics & Safety, is an affiliate or subsidiary of Delphi Corporation, a manufacturer and distributor of automotive component parts. Specifically, it manufactured and distributed component parts incorporated into the motor vehicle in which Plaintiff's decedent was a passenger and suffered his fatal injuries. (Defendants Delphi Corporation, Delphi Automotive, PLC, Delphi Automotive Systems, LLC, Aptiv Services US, LLC and Delphi Electronics & Safety to be hereinafter referred to collectively as the "Delphi Defendants.")

## FACTS

13. On or about November 25, 2018, Plaintiff's decedent was a passenger in an automobile which, while traveling east on West County Line Road in the Town of Lakewood, County of Ocean, State of New Jersey, was caused to leave the roadway and strike a wooden stockade fence, and then a large tree.

14. At the time and place aforesaid, Plaintiff's decedent

4

was a passenger in a 2019 Chevrolet Suburban motor vehicle bearing VIN#1GNSKHKC3KR137772 which was designed, manufactured, and released into the stream of commerce by the General Motors defendants, with component parts designed, manufactured and released into the stream of commerce by the Delphi Defendants.

15. Upon impact, the passenger side airbag within said vehicle failed to deploy, allowing Plaintiff's decedent to be thrown forward into the windshield causing him to suffer serious and, ultimately, fatal injuries. Plaintiff's decedent suffered great physical and mental pain, shock, and agony before his death.

16. The aforesaid General Motors vehicle, and, specifically, the airbag system, including but not limited to the Delphi sensing and diagnostic module, were defectively designed and/or manufactured, which caused the airbag system to fail to perform as expected.

## FIRST COUNT
## NEGLIGENCE

17. The Defendants, individually and collectively, themselves, and through their agents, servants and/or employees, negligently designed, manufactured and distributed said automobile and component parts, causing the passenger front airbag to fail to deploy in the subject motor vehicle crash, which was a high speed frontal impact.

5

18. As a result, Plaintiff's decedent sustained severe bodily injury, causing extreme pain, suffering, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, consequential damages, interest, costs of suit, and such other and further relief as the Court may deem just and appropriate.

## SECOND COUNT
## PRODUCT LIABILITY

19. Plaintiff repeats and re-alleges each and every allegation set forth in the previous paragraphs as if more fully and completely set forth here.

20. Defendants, individually and collectively designed, manufactured and distributed a product, specifically, the Chevrolet Suburban in question and its component parts, that were not reasonably fit, suitable or safe for their intended purposes because it a) deviated from design specifications, formulae or performance standards, or b) was designed in a defective manner.

21. Defendants so grossly and negligently manufactured, designed, sold, and altered the Chevrolet Suburban and its component parts such that its use as a finished product placed in the channels of trade would create an unreasonable risk of harm to persons such as the Plaintiff's decedent.

22. Defendants breached its duty to warn users of the Chevrolet Suburban of its defective, dangerous, and unreasonably dangerous propensities which failure to warn resulted in harm to Plaintiff's decedent.

23. Defendants breached express and implied warranties given with respect to the Chevrolet Suburban and it component parts.

24. The above described product defect or defects and the above described breaches proximately caused Plaintiff's decedent to suffer serious bodily injury, severe pain, suffering and emotional distress.

25. Defendants, therefore, are strictly liable pursuant to New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, consequential damage, punitive damages, interest, costs of suit, and such other and further relief as the Court may deem just and appropriate.

## THIRD COUNT
## RECKLESSNESS

26. Plaintiff repeats and re-alleges each and every allegation set forth in the previous paragraphs as if more fully and completely set forth here.

27. Defendants, at the time the subject vehicle was released into the stream of commerce were aware of the

defect, having recalled products manufactured in previous years which contained the same defective product.

28. Defendants' conduct in releasing into the stream of commerce a product known to contain the very defect which caused Plaintiff's decedent's injury was willful, wanton and reckless.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, consequential damages, punitive damages, interest, costs of suit, and such other and further relief as the Court may deem just and appropriate.

### FOURTH COUNT
### FAILURE TO RECALL

29. Plaintiff repeats and re-alleges each and every allegation set forth in the previous paragraphs as if more fully and completely set forth here.

30. Prior to the motor vehicle crash which is the subject of this Complaint, Defendants had engaged in recalling other products because of the same defect which caused Plaintiff's decedent's catastrophic injury.

31. Defendants' failure to recall the subject motor vehicle was unreasonable, willful, wanton and/or reckless conduct which led to Plaintiff's decedent's catastrophic injury.

WHEREFORE, Plaintiff demands judgment against

8

Defendants for compensatory damages; consequential damages; punitive damages, interest, costs of suit, and such other and further relief as the Court may deem just and appropriate.

**FIFTH COUNT**
**WRONGFUL DEATH**

32. Plaintiff repeats the allegations contained above and incorporate same into this Count as if set forth at length herein.

33. As a direct and proximate result of Defendants' conduct described hereinabove, the decedent, Yechiel Finegold, was caused to die on November 25, 2018.

34. Yechiel Feingold is survived by Menachem Finegold and other family members. The survivors of Yechiel Finegold are entitled to take the decedent's intestate personal property.

35. As a further direct and proximate result of the negligence and carelessness of Defendants, as described above, Plaintiff, Menachem Finegold, and the additional survivors of the Estate of Yechiel Finegold have suffered pecuniary injury, including loss of Yechiel Finegold's financial support, companionship, advice, and guidance, and has incurred hospital, medical, and funeral expenses on behalf of Yechiel Finegold.

36. This action was commenced within two (2) years of the

9

date of decedent's death.

WHEREFORE, Plaintiff demands judgment against the Defendants, and or each of them jointly, individually or in the alternative, for compensatory and consequential damages, including punitive damages, interest, costs of suit, and such other relief as the Court deems just and equitable.

## SIXTH COUNT
## (SURVIVORSHIP)

37.  Plaintiff repeats the allegations contained above and incorporates same into this Count as if set forth at length herein.

38.  The actions and inactions of all Defendants caused the death of Yechiel Finegold and caused Yechiel Finegold to experience conscious pain and suffering before his death.

39.  As a direct and proximate cause of Defendants' action and inactions, the Plaintiff was harmed.

WHEREFORE, Plaintiff demands judgment against the Defendants, and or each of them jointly, individually or in the alternative, for compensatory and consequential damages, including punitive damages, interest, costs of suit, and such other relief as the Court deems just and equitable.

## SIXTH COUNT
## FICTITIOUS PARTIES

40.  Plaintiff repeats the allegations contained above and

incorporate same into this Count as if set forth at length herein.

41. Plaintiff has designated ABC CORPORATIONS (1-25) and JOHN DOES (1-25) to represent fictitious and unknown entities or persons whose conduct may have been a proximate cause of Plaintiff's injuries and damages, but whose actual identities may only become known through the course of discovery against the named Defendants.

42. At such time as the identities of the fictitiously pled tortfeasors are ascertained, Plaintiff shall seek leave to amend this Complaint so as to substitute the actual identities of said individuals or firms.

43. Plaintiff attributes each and every act of negligence or tortious conduct and damages alleged against the named Defendants hereto to those who are fictitiously pleaded as if they were more specifically set forth in their entirety. Additionally, Plaintiff attribute and hereby specifically plead any act, which in any way contributed to the Plaintiff's decedent's injury and death as set forth herein.

WHEREFORE, Plaintiff, individually and pursuant to the Survivorship and Wrongful Death Acts of the State of New Jersey, demand judgment against the Defendants, and/or each of them jointly, individually and in the alternative for

compensatory, consequential and punitive damages, interest, costs of suit, and such other relief as the Court may deem just and equitable.

### JURY DEMAND

Plaintiff, Menachem Finegold as Administrator Ad Prosequendum of the Estate of Yechiel Finegold, hereby demands a trial by jury as to all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Thomas D. Flinn, Esq. is hereby designated as trial counsel for Plaintiff, Menachem Finegold as Administrator Ad Prosequendum of the Estate of Yechiel Finegold.

GARRITY, GRAHAM, MURPHY,
GAROFALO & FLINN, P.C.
Attorneys for Plaintiff

Dated: Nov. 19, 2020        BY: /s/ *Thomas D. Flinn*
                                THOMAS D. FLINN

## RULE 4:5-1 CERTIFICATION

I hereby certify in accordance with R. 4:5-1 that to the best of my knowledge there are no other pending cases or other proceedings in the Superior Court of New Jersey and there are no other parties known that should be joined in this action.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
Attorneys for Plaintiff

By: /s/ Thomas D. Flinn
THOMAS D. FLINN

Dated: Nov. 19, 2020

## CERTIFICATION PURSUANT TO R. 1:38-7

Pursuant to R. 1:38-7(b), I hereby certify that all confidential personal identifies, if any, have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
Attorneys for Plaintiff

BY: /s/ Thomas D. Flinn
THOMAS D. FLINN

Dated: Nov 19, 2020

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-002792-20

**Case Caption:** FINEGOLD MENACHEM VS GENERAL MOTORS COMPA NY
**Case Initiation Date:** 11/19/2020
**Attorney Name:** THOMAS D FLINN
**Firm Name:** GARRITY GRAHAM MURPHY GAROFALO & FLINN
**Address:** 72 EAGLE ROCK AVE SUITE 350 PO BOX 438 EAST HANOVER NJ 07936
**Phone:** 9735097500
**Name of Party:** PLAINTIFF : Finegold, Menachem
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PRODUCT LIABILITY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** Menachem Finegold? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
  **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/19/2020                                                                              /s/ THOMAS D FLINN
Dated                                                                                   Signed

```
OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER       NJ 08754
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 504-0700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   NOVEMBER 19, 2020
                         RE:     FINEGOLD MENACHEM VS GENERAL MOTORS COMPANY
                         DOCKET: OCN L -002792 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES DEN UYL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (732) 504-0700 EXT 64385.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                    ATT: THOMAS D. FLINN
                                    GARRITY GRAHAM MURPHY GAROFALO
                                    72 EAGLE ROCK AVE SUITE 350
                                    PO BOX 438
                                    EAST HANOVER     NJ 07936

JUQKEN1
```