UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MENACHEM FINEGOLD, as Administrator Ad Prosequendum of the ESTATE OF YECHIEL FINEGOLD,<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL MOTORS COMPANY, et. al.,<br><br>*Defendants*. | Civil Action No.:<br>3:21-cv-362-PGS-ZNQ<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court are Defendant General Motors LLC's ("GM") and Defendant Aptiv Services US, LLC's (f/k/a Delphi Automotive Systems, LLC) ("Aptiv") motions to dismiss (ECF Nos. 5, 14, 15) Plaintiff/Administrator Menachem Finegold's Complaint, which was removed to the Court. (ECF No. 1.) The Court heard oral argument on April 8, 2021. For the reasons stated below, Defendants' motions are granted in part, and denied in part.

I.

This matter arises out of a motor vehicle accident in which Plaintiff's decedent, Yechiel Finegold, a passenger in a 2019 Chevrolet Suburban, died after being sideswiped by a second vehicle causing the Suburban to crash into a tree. (Finegold Opp'n Juris. Br. 3, ECF No. 20.) The vehicle's front airbag failed to deploy and Decedent was thrown forward into the windshield causing catastrophic injury and ultimately, death. (*Id.*) The Suburban was a rental vehicle bearing New Jersey license plates owned by Enterprise Rent-A-Car in Lakewood, New Jersey; and the accident took place on West County Line Road in Lakewood, New Jersey. (*Id.* at 2-3.)

Plaintiff brings this action against GM, the manufacturer of the vehicle and Aptiv, the manufacturer of the sensing and diagnostic module ("SDM"), which "is the component of a vehicle's airbag system that works in conjunction with sensors to detect the severity of collisions and determine whether deployment of the vehicle's airbags is warranted." (Aptiv Juris. Br. 1, n.1, ECF No. 14-1.)

On November 19, 2020, Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Ocean County, asserting claims sounding in negligence (Count 1), products liability (Count 2), recklessness (Count 3), failure to recall (Count 4), wrongful death (Count 5), survivorship (Count 6), and fictitious parties (Count 7). (Compl. ¶¶ 17-43, ECF No. 1-2.) On January 8, 2021, GM removed the case to the Court. Originally, Plaintiff named several business entities associated with Aptiv as defendants, but by agreement of the parties, dismissed all except GM and Aptiv. (Stipul., ECF No. 12.)

On January 15, 2021, GM filed a partial motion to dismiss for failure to state a claim, seeking the dismissal of Plaintiff's claim for punitive damages and recklessness, as well as any independent claims for negligence and failure to recall. On January 29, 2021, Aptiv filed a motion to dismiss for lack of personal jurisdiction, and, on February 4, 2021, also filed a partial motion to dismiss for failure to state a claim, incorporating by reference GM's prior motion. Plaintiff filed opposition papers (ECF Nos. 17, 20, 21) and Defendants replied. (ECF Nos. 19, 25, 26.)

II.

Plaintiff concedes that the Court does not have general personal jurisdiction over Aptiv. (Finegold Opp'n Juris. Br. 13.) Rather, Plaintiff asserts that the Court has specific personal jurisdiction over Aptiv based on Aptiv targeting New Jersey through its business operations. As

evidence supporting jurisdiction, Plaintiff attaches relevant portions of a 2019 Annual Report and SEC 10-K filings for Aptiv PLC, Aptiv's parent company formed under the laws of Jersey (one of the self-governing Channel Islands between England and France). (Pl. Ex. C, ECF No. 20-1.)

"The burden of demonstrating the facts that establish personal jurisdiction, falls on the plaintiff and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330, 51 V.I. 1219, 1228 (3d Cir. 2009) (citations and internal quotations omitted). "It is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).

The inquiry as to whether specific jurisdiction exists has three parts: First, the defendant must have "purposefully directed its activities" at the forum. Second, the litigation must "arise out of or relate to" at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with "fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations and quotations omitted).[1]

A plaintiff must show a "deliberate targeting" of the forum state. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018). "A plurality of Supreme Court Justices has twice rejected the stream-of-commerce theory, *see J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S.

---

[1] New Jersey's long-arm rule permits service on nonresident defendants subject only to due process of law. *Avdel Corp. v. Mecure*, 58 N.J. 264, 268, 277 A.2d 207, 209 (1971). "In other words, we will allow out-of-state service to the uttermost limits permitted by the United States Constitution." *Id.*, 277 A.2d at 209.

873, 877-85, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011) (plurality opinion); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-13, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (plurality opinion), stating, in a manner consistent with our own case law, that plaintiffs must instead rely on 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' *Asahi*, 480 U.S. at 109, 107 S.Ct. 1026." *Id.*

Here, Plaintiff has shown that the accident resulting in the death of Yechiel Finegold happened in New Jersey. The Suburban bore New Jersey license plates and was rented at a business in New Jersey. GM does not contest jurisdiction. Aptiv concedes that, if original, the SDM in the vehicle at issue (vehicle identification number 1GNSKHKC3KR137772) was designed, manufactured, and sold by Aptiv, but that the SDM was not designed, manufactured or sold in New Jersey. (Decl. David Kocab ¶¶ 5,6, Aptiv Ex. B, ECF No. 14-4.)

Aptiv's parent company, Aptiv PLC, is a publicly traded company with a global presence. It works within an industry that provides "components, systems, subsystems, and modules to [Original Equipment Manufacturers] for the manufacture of new vehicles, as well as to the aftermarket for use as replacement parts for current production and older vehicles." (Aptiv 10-K filing, Pl. Ex. C at 5.) Aptiv PLC sells products across the globe, which can be "found in 19 of the 20 top-selling vehicle models in the United States . . . ." (*Id.*)

These facts alone do not establish that Aptiv "purposefully directed its activities" at New Jersey. A non-resident defendant contracting with a resident distributor is not sufficient to establish personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1783, 198 L. Ed. 2d 395 (2017). Aptiv is a Delaware limited liability company with its principal

place of business in Troy, Michigan and claims that it "does not have any offices, places of business, bank accounts or employees in New Jersey." (Aptiv Br. at 1.)

Plaintiffs may be given the opportunity to conduct discovery on jurisdiction if the claim is not clearly frivolous. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336, 51 V.I. 1219, 1236 (3d Cir. 2009). Discovery is particularly appropriate when the defendant is a large business entity. Courts recognize that establishing personal jurisdiction over a corporate entity with various subsidiaries and parents can be extraordinarily difficult. *See id.* That is especially true here, where Aptiv is one of many subsidiaries of a publicly traded company. To complicate matters further Aptiv and its parent company were formerly known as Delphi Automotive. In streamlining the litigation, Plaintiff stipulated to the dismissal of defendants Delphi Corporation; Delphi Automotive, PLC; Delphi Technologies, PLC; and Delphi Electronics & Safety. (Notice of Dismissal, ECF No. 12.) To aid Plaintiff in his burden of proving personal jurisdiction, he may pursue discovery on the issue.

As such, Aptiv's motion to dismiss on the grounds of specific personal jurisdiction is denied without prejudice.

III.

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A three-part analysis is employed to determine whether a complaint survives a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "This means that [the] inquiry is normally divided into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

"The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true

(even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

IV.

Plaintiff asserts a claim of recklessness (Count 3) against GM and Aptiv and demands punitive damages under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9 et. seq. Plaintiff also asserts claims of negligence (Count 1) and failure to recall (Count 4). Both Defendants move to dismiss these three counts and any award of punitive damages.

The New Jersey Punitive Damages Act provides for punitive damages when a plaintiff shows by clear and convincing evidence that the harm suffered was due to a defendant's acts or omissions conducted with "actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. 2A:15-5.12(a). Gross negligence is not sufficient to award punitive damages. N.J.S.A. 2A:15-5.12(a).

Here, Plaintiff alleges that GM and Aptiv were aware of the defects in the SDM at issue, and released the product into the stream of commerce. (Compl. ¶ 28.) Plaintiff supports his assertion by pointing to a recall for the same defect in SDMs in the Chevrolet Suburban model years 2015 - 2017. (Compl. ¶ 30; Feingold Opp'n Br. at 6.) Plaintiff alleges that the failure to recall the vehicle at issue, which led to the death of Plaintiff's decedent, was "unreasonable, willful, wanton, and/or reckless." (Compl. ¶ 31.)

When considering a claim for punitive damages, a jury must consider

> (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;
> (2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;
> (3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and

>  (4) The duration of the conduct or any concealment of it by the defendant.

N.J.S.A. 2A:15-5.12(b). Plaintiff's assertions that Defendants released 2019 Chevrolet Suburbans into the stream of commerce despite their awareness of SDM defects implicate all four factors in the New Jersey Punitive Damages Act. As such, the motion to dismiss punitive damages is denied.

Plaintiff's negligence and failure to recall claims are subsumed by the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et seq. The Act "is both expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products." *Gupta v. Asha Enterprises, L.L.C.*, 422 N.J. Super. 136, 145, 27 A.3d 953, 958 (App. Div. 2011). The Act subsumes claims of defect sounding in negligence and breach of implied warranty. *Koruba v. Am. Honda Motor Co., Inc.*, 396 N.J.Super. 517, 531, 935 A.2d 787 (App. Div. 2007), *cert. denied*, 194 N.J. 272, 944 A.2d 32 (2008).

Under the Act,

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it:
> a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or
> b. failed to contain adequate warnings or instructions, or
> c. was designed in a defective manner.

N.J.S.A. 2A:58C-2. Plaintiff's failure to recall claim falls under subsection (b), which provides for liability based on a manufacturer's or seller's failure to warn. In his claim for products liability (Count 2), Plaintiff states Defendants breached their "duty to warn users of the Chevrolet Suburban of its defective, dangerous, and unreasonably, dangerous propensities which

8

failure to warn resulted in harm to Plaintiff's decedent." (Compl. ¶ 22.) Plaintiff points to no case law delineating a cause of action for failure to recall separate from the New Jersey Product Liability Act.

Accordingly, Plaintiff's negligence and failure to recall claims are subsumed by the New Jersey Product Liability Act and dismissed for failure to state a claim.

## ORDER

This matter, having come before the Court on motions to dismiss from Defendant General Motors LLC's (ECF No. 5) and Defendant Aptiv Services US, LLC's (f/k/a Delphi Automotive Systems, LLC) (ECF Nos. 14, 15), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 30th day of June 2021,

ORDERED that Aptiv's motion to dismiss for lack of personal jurisdiction (ECF No. 14) is DENIED and that Plaintiff is allowed to conduct discovery on the matter; and it is further

ORDERED that GM's and Aptiv's partial motions to dismiss for failure to state a claim (ECF No. 5) are DENIED as to Count 3 and GRANTED as to Counts 1 and 4.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.